In the Matter of TUSCAN DAIRY FARMS, INC., Petitioner, v J. ROGER BARBER, as Commissioner of Agriculture and Markets of the State of New York, Respondent.

Third Department, August 4, 1977

*Shea, Gould, Climenko & Casey (Milton S. Gould* of counsel), for petitioner.

*Thomas G. Conway (Joan A. Kehoe* and *Arthur D. Friedman* of counsel), for respondent.

SWEENEY, J. P. The facts are not in dispute. Petitioner, a New Jersey corporation, has possessed a New York State milk dealers' license for some 20 years. It sells and delivers milk in several States, including New York. On May 28, 1975 it filed an application for extension of its New York license to sell at wholesale in several additional counties, including Richmond. After a hearing respondent denied the application pursuant to section 258-c of the Agriculture and Markets Law concluding that an extension of petitioner's license to include Richmond County would tend to a destructive competition of milk sales in a market already adequately served and as such would not

be in the public interest. Such determination precipitated the instant article 78 proceeding.

Basically, petitioner urges two grounds for annulment. It contends the denial contravenes the commerce clause of the United States Constitution and that the record does not support respondent's determination.

We will consider the latter contention first. Unlike our review in most administrative proceedings, we are not here limited to a determination of whether there is substantial evidence to sustain the determination (*Matter of Echelman v Du Mond,* 283 App Div 276). Rather, we must determine whether respondent's determination is supported by a preponderance of the evidence. While a large part of respondent's proof consisted of testimony of milk dealers already operating in Richmond County and it might be argued that they desired to prevent additional competition, we are of the view, considering the record in its entirety, that the determination is supported by a preponderance of the evidence (*Matter of Brucato v Wickham,* 28 AD2d 780). Consequently, we should not disturb it unless petitioner can prevail on the other issue raised.

The State has the authority, in the exercise of its police power, to regulate the milk industry (*Nebbia v New York,* 291 US 502). Our concern is whether such regulation impermissibly interferes with interstate commerce. While most regulations affecting the movement of goods interfere to some extent with interstate commerce not all run counter to the commerce clause. If the activity regulated is predominately local in nature and only indirectly or incidentally burdens interstate commerce, it is permissible (*Milk Bd. v Eisenberg Co.,* 306 US 346). A resolution of the nature of the activity is often determined by a balancing of interests (*California v Zook,* 336 US 725, 728). Another test was expressed in *Pike v Bruce Church, Inc.* (397 US 137, 142) as follows: "Where the statute regulates evenhandedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." A reading of the statute in question demonstrates to us that its regulation of the milk industry is evenhanded. It makes no distinction between domestic and foreign applicants or between domestic and foreign products.

An analysis of the statute as applied to the present undisputed facts in light of well-established principles of law, compels us to conclude that there is no violation of the commerce clause. One of the purposes of the instant statute is to prevent destructive competition which is a permissible exercise of the police power *(Nebbia v New York,* 291 US 502, *supra)* and, in our opinion, serves a legitimate local public interest. The record demonstrates that petitioner has not been prohibited from selling milk products in New York State, and has, in fact, been so engaged for some 20 years. Nor is there a general restriction prohibiting petitioner from the distribution of milk products brought into the State from without. Petitioner may sell and distribute milk supplies brought in from New Jersey in any of the counties of New York State where it has a license. In our view, the effect on interstate commerce is incidental and the burden imposed on such commerce is not excessive in relation to the derivative local benefits. Consequently, we find that the application of the statute in question in the present case does not violate the commerce clause of the United States Constitution. Additionally, we conclude that application of the balancing of interests test produces the same result.

Petitioner's reliance on *Baldwin v G. A. F. Seelig, Inc.* (294 US 511) and *Hood & Sons v Du Mond* (336 US 525) is misplaced. In *Baldwin* the statute in question attempted to fix the price of milk in Vermont. Such action imposed a direct burden on interstate commerce and was impermissible. The determination considered in *Hood* clearly discriminated against the foreign market in favor of the local one. Such discrimination was also impermissible. Neither circumstance prevails in the instant case.

The determination should be confirmed, and the petition dismissed, without costs.

KANE, MAIN, LARKIN and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.