■ In the Matter of LUCILLE FARM PRODUCTS, INC., Petitioner, v J. ROGER BARBER, as Commissioner of the New York State Department of Agriculture and Markets, et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term entered in Albany County) to annul a determination of respondent Commissioner of Agriculture and Markets which ordered that petitioner's milk dealer's license be revoked unless it made certain payments to a dairy farmer's cooperative.

Petitioner, a licensed milk dealer in New York, entered into two separate agreements in late 1979 in order to set up a cheese manufacturing plant in St. Lawrence County. The first, a lease for the plant, was between petitioner and several cooperative associations affiliated with Allied Federated Co-ops, Inc. (Allied). At about the same time, petitioner also entered into a 10-year milk supply contract with Northco Milk Sales (Northco), the sales division of Allied. These agreements provided that petitioner would pay the mortgage obligation on the plant and would pay the minimum prices for milk required by 1 NCYRR part 20 in exchange for the milk and the use of the plant. In April 1981, because of financial problems, Northco agreed to make rebates to petitioner in the amount of $1.40 per hundredweight of milk. These rebates continued through August 1981.

A November 1981 audit by the Market Administrator of the New York-New Jersey milk market area discovered that from March through August of 1981, petitioner received rebates totaling $217,210.33 from Northco and a deficiency notice was thereafter issued to petitioner directing petitioner to repay the rebates. Petitioner failed to comply. Northco filed a claim with the Commissioner of Agriculture and Markets seeking the amount of the underpayment from the security posted by

petitioner. At a hearing on the claim and for the revocation of petitioner's milk license for violation of the minimum payment provisions of the Agriculture and Markets Law, petitioner argued that it was not a "handler" and, therefore, was not required to pay the minimum milk prices. Further, it argued that it had fully paid the minimum prices, characterizing the rebates as payments made pursuant to the landlord-tenant relationship.

The hearing officer rejected petitioner's contentions and found that the rebates violated the law. The Commissioner adopted the findings and conclusions of the hearing officer and further ordered that petitioner's milk license be revoked unless it paid the Market Administrator the amount of the Northco claim. Petitioner then brought this CPLR article 78 proceeding to annul the determination of the Commissioner.

The determination of the Commissioner should be confirmed and the petition dismissed. The Commissioner's finding that petitioner was a "handler" as defined in the milk marketing order (1 NYCRR 20.7) is supported by the clear and unambiguous language of the order. One who receives skim milk or butterfat which was received at a pool plant "for disposition as fluid milk products in the marketing area" (1 NYCRR 20.7 [a]) is a milk handler under the marketing order. The nonretail purchases of pool milk by petitioner placed it within the order's definition of a handler.

Petitioner's contention that the definition of a handler excluded persons who do not receive milk from producers or handle fluid milk which is sold as milk or cream is unpersuasive. The milk marketing order regulates milk which is available for disposition, without regard to the ultimate disposition of the milk (7 USC § 608c [5] [B] [ii]). This interpretation is consistent with the rationale for the order, i.e., to ensure an adequate supply of milk by guaranteeing producers the minimum price (7 USC § 608c [5] [B]). Simply put, in return for making the necessary supply of milk available, producers are guaranteed a minimum price. Thus, disposition of the milk is not, as petitioner urges, determinative of the order's application.

The scope of review in this license revocation proceeding is whether respondents' determination is supported by a preponderance of the evidence (Agriculture and Markets Law § 258-c; *Matter of Tuscan Dairy Farms v Barber,* 58 AD2d 491, 492, *affd* 45 NY2d 215). The Commissioner's determination revoking petitioner's milk dealer's license because petitioner failed to pay class prices is supported by a preponderance of evi-

dence. The prices paid for the milk and the rebates can reasonably be classified as a single transaction rather than independent transactions. The rebates were tied to the amount of milk sold and not to the amount of the mortgage. Petitioner failed to come forward with any evidence tending to rebut the inference that the rebate payments were a method or device for purchasing milk at less than the class price.

Finally, we reject petitioner's argument that the penalty imposed is excessive. It is certainly not unfair to require petitioner to repay the amount that it has been enriched as a result of the illegal scheme. The sanction imposed is not so disproportionate to the offense that it is shocking to one's sense of fairness (*see, Matter of Harris v Mechanicville Cent. School Dist.,* 45 NY2d 279, 284; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 234).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.