■ In the Matter of MARCUS DAIRY, INC., Petitioner, v JOSEPH GERACE, as Commissioner of the Department of Agriculture and Markets, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which, *inter alia,* denied petitioner's application for an extension of its milk dealer's license.

Petitioner, a Connecticut milk processor who distributes its products in Connecticut, Massachusetts and Putnam County in New York, applied for an extension of its New York milk dealer's license to Orange, Sullivan and Ulster Counties. This was necessitated in order to effectuate petitioner's proposed purchase of Green Farms, Inc., which held a license to distribute milk in the latter three counties. After a hearing, respondent granted the extension only as to Orange County. Petitioner then initiated the instant CPLR article 78 proceeding to review the denial of its application as to Sullivan and Ulster Counties.

Our review of the record discloses that respondent met the statutory standard for denying petitioner's license application in finding, by a preponderance of the evidence, that entry of petitioner into the Sullivan and Ulster County markets "would tend to a destructive competition in markets already adequately served and would not be in the public interest" *(see,* Agriculture and Markets Law § 258-c).

The case law does not support petitioner's contention that the criteria set forth in the statute required proof of a tendency to a ruinous, devastating harm to competition. Rather, it has been held sufficient for the regulatory agency to establish that permitting the entry of a new competitor would entail a long-term, projected risk of destabilization in the

distribution structure of the market *(Matter of Friendship Dairies v Du Mond,* 284 App Div 147, 154), or that it would potentially disturb the balanced distribution structure *(Matter of Tuscan Dairy Farms v Barber,* 45 NY2d 215, 222, *appeal dismissed* 439 US 1040). Accordingly, denial of licensure has been upheld when the evidence showed that existing enterprises were operating below capacity in a competitive market and that a new entrant would tend either to depress prices or to raise their unit costs and thus undermine their stability and ability to continue to operate at a reasonable profit *(see, Matter of Friendship Dairies v Du Mond, supra,* p 154; *see also, Matter of Dellwood Foods v Barber,* 90 AD2d 892; *Matter of Victory Mkts. v Department of Agric. & Mkts,* 67 AD2d 1056; *Matter of Perky Milk Corp. v Wickham,* 15 AD2d 624, 625).

Respondent was entitled to credit the testimony of the presently licensed dealers that the market is very competitive, adequately served and that they were operating substantially below capacity *(see, Matter of Tuscan Dairy Farms v Barber,* 58 AD2d 491, 492, *affd* 45 NY2d 215, *appeal dismissed* 439 US 1040, *supra).* Despite a considerable increase in population in both Sullivan and Ulster Counties, milk sales have remained constant or have decreased. Both counties experienced major declines in school enrollment over the last decade, which would not be made up by the modest increases in school-age populations projected to 1990. Significantly, both counties lost approximately one third of their milk dealerships in the last eight years, although the market shares of the four largest dealers remained constant. It is thus readily inferable that the impact of market conditions in the two counties has been most heavily felt by small and medium sized dealers, many of whom have gone out of business. Green Farms, Inc., which petitioner would replace, accounts for only 2% of the milk sold in Sullivan and Ulster Counties and thus has not been a competitive factor in those markets. Petitioner, on the other hand, is both a major dealer and a large producer. Clearly, respondent was entitled to infer that petitioner would have the ability and incentive to significantly expand Green Farms' market position.

The foregoing direct evidence and inferences which respondent, a public official with expertise in the area of marketing and distribution of dairy products, has reasonably drawn therefrom, support by a preponderance of the evidence respondent's conclusion that introduction of petitioner "would be an added burden on a market structure already under economic

pressure". Accordingly, petitioner's determination comported with the statutory standard and should be confirmed (see, Agriculture and Markets Law § 258-c).

Determination confirmed, and petition dismissed, with costs. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.